## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CAUSEWAY AUTOMOTIVE, LLC,
CONTI CAUSEWAY FORD, INC.,
CAUSEWAY NISSAN, LLC, and
CAUSEWAY HYUNDAI, LLC,

|  |  |
|---|---|
| | Civil Action No. |
| Plaintiffs, | |
| | [Removed from  SUPERIOR COURT OF NEW JERSEY LAW DIVISION – OCEAN   COUNTY   DOCKET   NO. OCN-L-001237-20] |
| vs. | |
| ZURICH AMERICAN INSURANCE COMPANY, ABC CORPS. 1-5 (fictitious names whose identities are currently unknown) | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Zurich American Insurance Company ("Zurich") removes this case from the Superior Court of New Jersey, Law Division – Ocean County, where it is now pending, to the United States District Court for the District of New Jersey, and states as follows:

1.      On May 26, 2020, Causeway Automotive, LLC, Conti Causeway Ford, Inc., Causeway Nissan, LLC, and Causeway Hyundai, LLC (collectively, the "Plaintiffs") filed their Complaint against Zurich in the Superior Court Of New Jersey, Law Division – Ocean County, and the matter was assigned case number OCN-L-001237-20.

2.      Upon information and belief, this action involves a controversy wholly between citizens of different states and the value of the matter in dispute exceeds $75,000.00.  Therefore, under 28 U.S.C. § 1441, this Court has original diversity jurisdiction.

3.      Since this Court has original diversity jurisdiction over this civil action, this matter may be removed to this Court in accordance with the procedures set forth in 28 U.S.C. § 1446. In further support of Removal, Zurich states as follows:

## COMPLETE DIVERSITY

A.      **Upon Information and Belief, None of the Plaintiffs or Their Members are Citizens of New York or Illinois**

4.      According to the Complaint, Plaintiffs are "New Jersey Corporations with a principle place of business located at 375 Route 72, Manahawkin, Township of Stafford, County of Ocean, State of New Jersey." (Ex. 1, Compl. ¶ 1).

5.      With respect to Plaintiffs Causeway Automotive, LLC, Causeway Nissan, LLC, and Causeway Hyundai, LLC (the "Limited Liability Plaintiffs"), upon information and belief, none of their members is a citizen of New York or Illinois for purposes of 28 U.S.C. § 1332.

6.      In that regard, the Court must accept as true a plaintiff's allegations regarding its own corporate form in considering whether diversity exists.  Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (in considering remand of a removed case, "the district court must assume as true all factual allegations of the complaint").

7.      Indeed, Plaintiffs are in the best position to plead accurate facts relative to their form and potential membership. See Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 108 (3d Cir. 2015) ("[B]efore alleging that none of an unincorporated association's members are citizens of a particular state, a [party] should consult the sources at its disposal, including court filings and other public records. If, after this inquiry, the [party] has no reason to believe that any of the association's members share its state of citizenship, it may allege complete diversity in good faith. The unincorporated association, which is in the best position to ascertain its own

membership, may then mount a factual challenge by identifying any member who destroys diversity.").

8. Any factual issue as to the truth of Plaintiffs' statements in this regard is not subject to resolution at the pleading (Notice of Removal) stage, but must be subject to discovery and a jurisdictional fact-finding and evidentiary hearing. Id. at 102 ("*If* the defendant [here, Plaintiff] thereafter mounts a factual challenge, the plaintiff [here, Defendant] *is entitled to* limited discovery for the purpose of establishing that complete diversity exists.") (emphasis added).

9. Still, Zurich has undertaken a reasonable investigation and upon information and belief, no members of the Limited Liability Plaintiffs are citizens of New York or Illinois.

10. Specifically, Zurich has investigated the information that the Limited Liability Plaintiffs provided to Zurich at the time the Zurich insurance policy at issue was issued to them, and that information shows that the "100%" owner of each of the Limited Liability Plaintiffs is David C. Wintrode.

11. Upon information and belief, the sole member of the Limited Liability Plaintiffs is David C. Wintrode.

12. In addition, Zurich has investigated, using databases available on Westlaw, the residence of David C. Wintrode, and that information shows that David C. Wintrode maintains residences in Stafford Township, New Jersey, and Palm Beach Gardens, Florida.

13. Upon information and belief, David C. Wintrode is a resident of either Florida or New Jersey, and is **not** a resident of either New York or Illinois.

14. Further, Zurich's attorneys reached out to Plaintiffs' counsel to ask if any member of the Limited Liability Plaintiffs are citizens of New York or Illinois, the states in which Zurich

926276.2

is a citizen.

15.     Plaintiffs' counsel has not yet responded.

16.     Accordingly, following reasonable investigation and upon information and belief, both at the time that Plaintiffs initiated this action and at the time of removal, the Limited Liability Plaintiffs and/or all of their members were not and are not citizens of New York or Illinois.

17.     "Depriving a party of a federal forum simply because it cannot identify all of the members of an unincorporated association is not a rational screening mechanism. The membership of an LLC is often not a matter of public record. Thus, a rule requiring the citizenship of each member of each LLC to be alleged affirmatively before jurisdictional discovery would effectively shield many LLCs from being sued in federal court without their consent. This is surely not what the drafters of the Federal Rules intended." Lincoln Ben., 800 F.3d at 108–09.

18.     "A State X [party] may … survive a facial challenge [to diversity] by alleging that none of the [opposing party's] association's members are citizens of State X." Id. at 107.

19.     Allegations "on information and belief" that a party is not a citizen of a particular state "suffice[ ] to establish diversity." Id.

20.     Here, after reasonable investigation and upon information and belief, no member of the Limited Liability Plaintiffs is a citizen of New York or Illinois.

     **B.     <u>Zurich Is a Citizen of New York and Illinois</u>**

21.     Zurich, the lone named defendant in the Lawsuit, is neither a New Jersey entity nor does it maintain its principal place of business in New Jersey.

22.     Rather, Zurich is a New York Corporation with its principal place of business in Schaumburg, Illinois.  Therefore, under 28 U.S.C. § 1332, Zurich is a citizen of New York and Illinois.

**C.     The Remaining Defendants' Citizenships are Irrelevant**

23.     In addition to Zurich, the Complaint names as additional defendants "ABC CORPS. 1-5 (fictitious names whose identities are currently unknown)."

24.     According to the Complaint, "Defendants, ABC Corp. 1-5, are fictitious insurance companies, persons or entities, whose true identities are not presently known, whose acts, omissions or conduct in any way relates to the allegations or legal issues set forth in this action." (Ex. 1, Compl. ¶ 5)

25.     That is the Complaint's only mention of these fictitious defendants.

26.     "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).

27.     Similarly, while removal generally requires unanimity among the defendants, "[t]he unanimity rule may be disregarded where … a non-joining defendant is an unknown or nominal party."  Balazik v. Cty. of Dauphin, 44 F.3d 209, 213 n.4 (3d Cir. 1995).

28.     Therefore, the identities of the fictitious defendants are, for purposes of removal, irrelevant.

**NON-DISCRETIONARY JURISDICTION**

29.     Plaintiffs may claim that the court should abstain from exercising jurisdiction under the Declaratory Judgment Act, 28 U.S.C.A. §2201-02, on the basis that Plaintiffs are simply seeking a declaratory judgment as to coverage.

30.     However, Plaintiffs are, in actuality, seeking legal relief.

31. Specifically, the Complaint alleges that:

    a. Plaintiffs "suffered due to the loss of customers, patrons, vendors, suppliers, supplies and other essential physical materials necessary to operate its business," and that it submitted a claim under the Policy for such losses" (Ex. 1, Compl. ¶ 26);

    b. Zurich denied the claim.  (Ex. 1, Compl. ¶ 27); and that

    c. "The business income interruption suffered by Plaintiffs, whether in whole or in part, as a result of Governor Murphy's Executive Orders No. 103 and 107 is a "covered cause of loss" falling within the purview of the Policy and occurring during its coverage period." (Ex. 1,  Compl. ¶ 38).

32. Plaintiffs seek, as relief, a declaration that:

    a. The business interruption losses they suffered are covered under the Policy's civil authority coverage; and

    b. The Policy's Virus and Bacteria Exclusion does not apply.

33. Although the Plaintiffs' pleading avoids specifically saying so, what they unquestionably seek by bringing this action is money damages.

34. Plaintiffs' attempt to "artfully plead" a declaratory judgment claim should not be permitted to control the Court's jurisdiction and/or deprive Zurich of its right to remove this matter to federal court. See, e.g., United Jersey Banks v. Parell, 783 F.2d 360, 367 (3d Cir. 1986) (artful pleading cannot deprive a party of a federal forum) (citing 14A Wright & Miller, Federal Prac. and Proc. § 3722 at 270); Eitmann v. New Orleans Public Service, Inc., 730 F.2d 359, 365 (5th Cir. 1984) (a plaintiff cannot defeat removal by fraudulent means or artful pleading).

35. Further, a claim that does not seek a declaration as to future conduct, but seeks relief as to past conduct, does not seek declaratory relief.

> Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct. Declaratory judgments are not meant simply to proclaim that one party is liable to another.

Andela v. Admin. Office of U.S. Courts, 569 F. App'x 80, 83 (3d Cir. 2014) (citations omitted).

36. Plaintiffs' claim is really for breach of contract and should be treated as such.

## THE COURT SHOULD NOT ABSTAIN EVEN
## IF JURISDICTION IS DISCRETIONARY

37. If the District Court does decide that jurisdiction here is discretionary, and is disinclined to exercise jurisdiction, Zurich respectfully requests the opportunity to brief the issues raised by the Court if a motion to abstain is made (or on the Court's own motion) as they are not subject to full and fair determination based only on a Notice of Removal.

38. Notwithstanding its request, Zurich notes that "[t]he discretion courts exercise in actions seeking only declaratory relief is 'substantial' but nonetheless 'bounded and reviewable.'" Kelly v. Maxum Specialty Ins. Group, 868 F.3d 274, 282 (3d Cir. 2017) (quoting Reifer v. Westport Ins. Corp., 751 F.3d 129, 146 (3d Cir. 2014)). "[T]he 'wholesale' dismissal of certain types of cases brought under the DJA is improper, as litigants should not be unjustifiably denied the right to obtain an authorized remedy in federal court." Kelly, 868 F.3d at 282.

39. The Third Circuit has made it clear that a court must consider certain factors in deciding whether to abstain from hearing a declaratory judgment action. Id. Specifically, "[c]ourts should first determine whether there is a 'parallel state proceeding.' Although the existence of a parallel state proceeding is but one factor for courts to consider, it is a significant factor that is treated with 'increased emphasis.'" Id. (citations omitted).

40.     "'[T]he absence of pending parallel state proceedings *militates significantly in favor of exercising jurisdiction*, although it alone does not require such an exercise.'" Id. (quoting Reifer) (emphasis added).

41.     Here, there is no parallel state court proceeding pending.

42.     "[I]f a state parallel proceeding does not exist, then 'as part of exercising sound and reasoned discretion, district courts declining jurisdiction should be rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors.'" Id. (quoting Reifer).

43.     In an insurance declaratory judgment case, the Third Circuit in Kelly found that the district court had abused its discretion in remanding the case, because "[t]he lack of pending parallel state proceedings [there] was not outweighed by opposing factors." Id. at 288.

44.     The factors to be considered when deciding whether to remand a case are:

(1)  the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

(2)  the convenience of the parties;

(3)  the public interest in settlement of the uncertainty of obligation;

(4)  the availability and relative convenience of other remedies;

(5)  a general policy of restraint when the same issues are pending in a state court;

(6)  avoidance of duplicative litigation;

(7)  prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and

(8)  (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

Id. at 283 (quoting Reifer).  These are known as the Reifer factors.

45.     The Kelly court's analysis of the Reifer factors shows that jurisdiction should also be retained here.

46.     First, a declaratory judgment will resolve the uncertainty that prompted filing of the action. "Declaratory relief by the District Court would unquestionably clarify and settle the dispute regarding [the insurer's] obligations under the insurance policy." Id. at 288.

47.     Second, none of the parties will be inconvenienced by having this matter adjudicated in the federal forum, inasmuch as the Court is located in the same state as the court in the removed state court case.

48.     Therefore, like in Kelly, Plaintiffs will not be inconvenienced by litigating this matter in a federal forum in New Jersey.

49.     "Third, the parties do not aver that any public interest is at stake other than the usual interest in the fair adjudication of legal disputes, an interest which the District Court is well-equipped to address." Id.

50.     On this point, the Kelly court noted that a generalized concern with having a state court decide issues under state common law is not sufficient to abstain from deciding those issues.  Absent "an unsettled question of state law or important policy issue implicated by the coverage claims," "there is little reason for a federal court to be reluctant about deciding this case." Id. at n.13.

51.     Here, Plaintiffs seek insurance coverage for lost business income arising out of a governmental "stay at home" order resulting from a virus, under an insurance policy that, among other things, states: "We will not pay for loss or damage caused by or resulting from any virus."

52.     While the current COVID-19 pandemic and resulting shutdown orders may be unprecedented, the issues presented in this claim and this lawsuit are not.

-9-

926276.2

53.     The lawsuit involves application of clear policy provisions to a set of facts involving a private enterprise, which does not involve any novel issues of law or any public interest.  Id. ("Federal and state courts are equally capable of applying settled state law to a difficult set of facts.") (quoting Reifer); Hobbs v. US Coastal Ins. Co., 2018 WL 2332254, at *2 (D.N.J. May 23, 2018) ("New Jersey has well-settled principles of insurance contract interpretation" (citing Simonetti v. Selective Ins. Co., 859 A.2d 694 (N.J. Super Ct. App. Div. 2004)); Grode v. Mut. Fire, Marine & Inland Ins. Co., 8 F.3d 953, 959 (3d Cir. 1993) ("Although the state regulates insolvent insurance companies, simple contract actions that happen to involve such companies are not matters of important regulatory concern or actions interfering with important state policies"); Plavin v. Grp. Health Inc., 323 F. Supp. 3d 684, 696 (M.D. Pa. 2018) ("It is essentially a 'private' contract dispute over policy coverage and the processing of a claim which is unique to these parties, not conduct which affects the consuming public at large.") (quoting New York Univ. v. Cont'l Ins. Co., 87 N.Y.2d 308, 321, 639 N.Y.S.2d 283, 662 N.E.2d 763 (1995)).

54.     Resolving this dispute will involve the specific terms of the Zurich Policy and the specific facts surrounding Plaintiffs' alleged shutdown.  It will not affect the resolution of disputes involving other insureds with different facts and different insurers with different policy language.

55.     As to the fourth factor, "[t]he state and federal courts are equally able to grant effective relief."  Kelly, 868 F.3d at 289.

56.     With respect to the fifth and sixth factors, as noted, there is no pending parallel state court case and, therefore, no concern with duplicative litigation.

-10-

926276.2

57.     The seventh factor, procedural fencing, also does not weigh in favor of abstention. Specifically, "there has been no concern expressed that removal of the Declaratory Action was driven by an improper motive." Id.

58.     The eighth and final factor is inapplicable here as it relates to declaratory judgment actions relating to liability insurance, where the issue is coverage for a pending tort action against the insured and, typically, whether the insurer has a duty to defend.  Id. at 283. This case involves first-party property insurance coverage for the Plaintiffs' own loss, and there is no related pending state court action and no issue of a "duty to defend."

59.     Like Kelly, "[t]hese factors [do] not outweigh the lack of a parallel state proceeding in this case. As a result, 'considerations of practicality and wise judicial administration,' … counsel against abstention …" Id. at 289 (citing Wilton v. Seven Falls Co., 515 U.S. 277, 282-84 (1995) (federal courts have a "virtually unflagging obligation" to "exercise the jurisdiction conferred on them by Congress")).

## AMOUNT IN CONTROVERSY

60.     Upon information and belief, and based on the allegations in Plaintiffs' Complaint, Plaintiffs' losses exceed $75,000.00.

61.     According to Plaintiffs, they "have been unable to operate their dealerships in the normal course of business due to access to their buildings, showrooms and premises being prohibited to the public resulting in the loss of customers, patrons, vendors, suppliers, supplies and other essential physical materials necessary to operate such business" since March 21, 2020. (Ex. 1, Compl. ¶¶ 11-12).

62.     Plaintiffs further contend that they have suffered "direct physical loss and damage arising from the Governor's prohibition of public access to their buildings, showrooms and premises by customers, patrons, vendors, suppliers, supplies and other essential physical

926276.2

materials fundamental to operating its business in order to generate revenue." (Ex. 1, Compl. ¶ 21).

63.     It is inconceivable that Plaintiffs' claimed loss will be less than $75,000.00.

## TIMELINESS OF REMOVAL

64.     Zurich was served with Plaintiffs' Complaint on June 9, 2020.

65.     This Notice of Removal is therefore timely filed within thirty (30) days of Zurich's receipt of a copy of the lawsuit filed by Plaintiffs.  28 U.S.C. § 1446(b).

## STATE COURT RECORDS

66.     In addition to the Complaint, which is attached hereto as Exhibit 1, copies of (i) the state court docket and (ii) Proof of Service are attached hereto at Exhibits 2 and 3.

67.     Upon information and belief, the documents that are attached hereto at Exhibits 1 and 2 constitute all of the pleadings, process, and orders that were filed in connection with the state court action.

## STATEMENT OF REMOVAL JURISDICTION

68.     For the foregoing reasons, where Plaintiffs and Zurich are citizens of different states, and because the amount in controversy exceeds $75,000.00, the United States District Court for the District of New Jersey has original, non-discretionary jurisdiction over this matter. See 28 U.S.C. § 1332

69.     Section 1332 confers original jurisdiction over all civil matters where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the claim is between citizens of different states.

70.     Zurich submits that this matter may be removed to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1441, which permits removal of any civil action to the district courts that have original jurisdiction.

-12-

WHEREFORE, Defendant, Zurich American Insurance Company, removes this civil action to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1441.

Dated: July 7, 2020

Respectfully submitted,

MOUND COTTON WOLLAN & GREENGRASS LLP

By:  /s/ William Wilson

William Wilson
30A Vreeland Road - Suite 210
Florham Park, NJ 07932
wwilson@moundcotton.com
(973) 494-0601


Philip C Silverberg
One New York Plaza
New York, NY 10004
psilverberg@moundcotton.com
(212) 804-4200

Attorneys for Defendant
Zurich American Insurance Company

-13-

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on July 7, 2020, the within **NOTICE OF**

**REMOVAL** was filed electronically and will be served upon all counsel via electronic mail:

**Steven R. Leone, Esq.,**
**Robert L. Gutman, Esq.,**
**Gary Ahladianakis, Esq.,**

**CARLUCCIO, LEONE, DIMON,**
**DOYLE & SACKS, L.L.C.**

9 Robbins Street
Toms River, New Jersey 08753
Telephone: (732) 797-1600
GAHLADIANAKIS@CLDDS.COM
*Attorneys for Plaintiffs*

-14-

926276.2