EXHIBIT 1

**Steven R. Leone, Esq., Atty. ID #027621988**
**Robert L. Gutman, Esq., Atty. ID #002581992**
**Gary Ahladianakis, Esq., Atty. ID #017292004**
**CARLUCCIO, LEONE, DIMON,**
**DOYLE & SACKS, L.L.C.**
9 Robbins Street
Toms River, New Jersey 08753
Telephone: (732) 797-1600
*Attorneys for Plaintiffs*
*Our File No. 484-288*

| | |
|---|---|
| CAUSEWAY AUTOMOTIVE, LLC, CONTI CAUSEWAY FORD, INC., CAUSEWAY NISSAN, LLC, and CAUSEWAY HYUNDAI, LLC,<br><br>Plaintiffs,<br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY, ABC CORPS. 1-5 (fictitious names whose identities are currently unknown),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – OCEAN COUNTY<br>DOCKET NO. OCN-L-<br><br>Civil Action<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND JURY DEMAND** |

Plaintiffs, CAUSEWAY AUTOMOTIVE, LLC, CONTI CAUSEWAY FORD, INC, CAUSEWAY NISSAN, LLC, and CAUSEWAY HYUNDAI, LLC, by way of Complaint against the Defendants, ZURICH AMERICAN INSURANCE COMPANY and ABC Corps. 1-5 (fictitious names), say:

## THE PARTIES

1. Plaintiffs, CAUSEWAY AUTOMOTIVE, LLC, CONTI CAUSEWAY FORD, INC, CAUSEWAY NISSAN, LLC, and CAUSEWAY HYUNDAI, LLC, are New Jersey Corporations with a principal place of business located at 375 Route 72, Manahawkin, Township of Stafford, County of Ocean, State of New Jersey.

2. Plaintiffs are automobile dealers licensed in the State of New Jersey that operate a family of automobile dealerships, known as Causeway Ford, Causeway Lincoln, Causeway Honda, Causeway Nissan and Causeway Hyundai (collectively, also known as "The Causeway Family of Dealerships"), located at 375 - 457 Route 72 in Manahawkin, New Jersey, which sell new, pre-owned and demo vehicles to the general public.

3. Defendant, ZURICH AMERICAN INSURANCE COMPANY (hereinafter, referred to as "ZURICH") is an insurance company with a principal place of business located at 1299 Zurich Way, Schaumburg, Illinois, that is duly qualified and licensed to issue insurance policies in the State of New Jersey.

4. Defendant, ZURICH, owns subsidiaries, directly and indirectly, that issue, among other things, commercial business property insurance.

5. Defendants, ABC Corp. 1-5, are fictitious insurance companies, persons or entities, whose true identities are not presently known, whose acts, omissions or conduct in any way relates to the allegations or legal issues set forth in this action.

## The CoVID-19 Pandemic

6. On January 30, 2020, the World Health Organization (WHO) declared the SARS-COv-2 outbreak constituted a public health emergency of international concern.

7. On February 11, 2020, the World Health Organization announced that the official name for the disease that caused the aforementioned outbreak and that led to a global pandemic was "CoVID-19."

8. Without any available vaccine to protect against CoVID-19 or known cure, governmental authorities throughout the world attempted an effective means of

controlling the CoVID-19 pandemic by relying on measures designed to reduce human to human contact and also limit human exposure to contaminated objects or surfaces.

9. Thus, in order to minimize the spread of COVID-19 outbreak and the effects of the resulting pandemic, containment efforts to prevent or otherwise limit as many individuals as possible from the CoVID-19 disease led to civil authorities issuing orders closing non-essential business establishments, including automobile dealerships (except to provide maintenance and repair services only), restaurants, bars, hotels, theaters, personal care salons, gyms, and schools, mandating social distancing among the population and ordering substantial travel restrictions.

10. To that end, as a result of the CoVID-19 pandemic, New Jersey Governor Phil Murphy declared a state of emergency and a public health emergency on March 9, 2020, and issued Executive Order No. 103 (2020) on the said date, in order "to further protect the health, safety, and welfare of New Jersey residents by, among other things, reducing the rate of community spread of COVID-19," the spread of COVID-19 within New Jersey constitutes an imminent public health hazard that threatens and presently endangers the health, safety, and welfare of the residents of one or more municipalities or counties of the State."

11. Furthermore, on March 21, 2020, Governor Murphy issued Executive Order No. 107 (2020), which required the brick-and-mortar premises of all non-essential retail businesses, which included automobile dealerships operated by Plaintiffs, to close to the public as long as the aforesaid Order remained in effect.

12. Since that issuance of Governor Murphy's Executive Orders Nos. 103 and 107, Plaintiffs have been unable to operate their dealerships in the normal course of business due to access to their buildings, showrooms and premises being prohibited to the public resulting in the loss of customers, patrons, vendors, suppliers, supplies and other essential physical materials necessary to operate such business.

## COUNT I

### (DECLARATORY JUDGMENT FOR COVERAGE)

13. Plaintiffs hereby repeat, reallege and incorporate all of the allegations in the foregoing paragraphs as if set forth herein at length.

14. Defendant, ZURICH, provided to Plaintiffs insurance documents, titled "Business Owners Coverage Form," under Policy No. ADM 8625381 00, for the policy period of March 1, 2020 to March 1, 2021(hereinafter, "the Policy"). A copy of the Policy is attached hereto as "Exhibit A" and is incorporated herein by this reference.

15. Pursuant to the express and reasonably-understood terms of the Policy, Defendant, ZURICH, has and owes a contractual duty and obligation to provide coverage to Plaintiffs for loss of business income and other related expenses in the event of an involuntary interruption of Plaintiffs' business.

16. Specifically, the Policy provides the following:

> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
>
> [See Policy, attached as "Exhibit A": Section I – Property, Paragraph A. Coverage].

17. The phrase "direct physical loss," as used in the Policy, is not defined anywhere within the policy language.

18. The term "damage," as used in the Policy, is not defined anywhere within the policy language.

19. The property covered under the Policy includes Plaintiffs' dealership buildings, showrooms and buildings located at 375 – 457 Route 7, Manahawkin, New Jersey . (See Policy, attached as "Exhibit A": Section I-A.1"Covered Property").

20. A "covered cause of loss" is defined under the policy as follows:

    Direct physical loss unless the loss is excluded or limited under Section I - Property.
    [See Policy, attached as "Exhibit A": Section I-A.3 "Covered Cause of Losses.]

21. Plaintiffs suffered direct physical loss and damage arising from the Governor's prohibition of public access to their buildings, showrooms and premises by customers, patrons, vendors, suppliers, supplies and other essential physical materials fundamental to operating its business in order to generate revenue as a result of Governor Murphys' Executive Orders Nos. 103 and 107.

22. Furthermore, the Policy provides additional coverage for what is labeled as "Civil Authority" coverage.

23. Specifically, the Policy states as follows:

    When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises, provided that both of the following apply:

    (1) Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described

> premises are within that area but are not more than one mile from the damaged property; and
>
> > (2) The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.
>
> Civil Authority Coverage for Business Income will begin 72 hours after the time of the first action of civil authority that prohibits access to the described premises and will apply for a period of up to four consecutive weeks from the date on which such coverage began.
>
> Civil Authority Coverage for necessary Extra Expense will begin immediately after the time of the first action of civil authority that prohibits access to the described premises and will end:
>
> > (1) Four consecutive weeks after the date of that action; or
> >
> > (2) When your Civil Authority Coverage for Business Income ends;
> >
> > whichever is later.
>
> The definitions of Business Income and Extra Expense contained in the Business Income and Extra Expense Additional Coverages also apply to this Civil Authority Additional Coverage. The Civil Authority Additional Coverage is not subject to the Limits of Insurance of Section I - Property.
>
> [See Policy, attached as "Exhibit A": Section I-A.5.i "Civil Authority."]

24. Therefore, Pursuant to the terms of the Policy, a "covered cause of loss" only requires "damage" to other property, rather than "physical damage," in order to trigger the Civil Authority coverage under the Policy.

25. As such, the "direct physical loss" of customers, patrons, vendors, suppliers, supplies and other essential physical materials necessary to operate its business suffered by Plaintiffs (i.e., the "covered cause of loss" under the Policy) was caused, whether in whole or in part, by the damage caused to Plaintiffs' property as well as the property of neighboring and adjacent commercial buildings, offices and retail establishments because they have

been unable to use their property for its intended purpose as a result of the issuance of Governor Murphy's Executive Orders No. 103 and/or 107.

26. On or about May 8, 2020, as a result of the business income interruption losses Plaintiffs suffered due to the loss of customers, patrons, vendors, suppliers, supplies and other essential physical materials necessary to operate its business suffered by Plaintiffs, arising out Governor Murphy's Executive Order No. 107, which prohibited the public from accessing the insured premises to conduct business, Plaintiffs submitted a claim under the Policy for such losses, which was assigned Claim No. 5630051232 by Defendant (hereinafter, "the subject claim").

27. However, via correspondence dated May 18, 2020, Defendant, ZURICH, denied the subject claim citing, <u>inter alia</u>, to an "Exclusion of Loss Due to Virus or Bacteria" Endorsement contained in the Policy.

28. The aforesaid exclusion states that Defendant will not pay for loss or damage caused directly or indirectly by any of the following:

> Any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease.
>
> [See Policy, attached as "Exhibit A": Section I-B.1.j "Virus or Bacteria."]

29. Under New Jersey case law, insurance policy exclusions are narrowly construed and the insurer has the burden of establishing the exclusion.

30. Under New Jersey case law, if there is another fair interpretation of a policy exclusion's meaning, the court must construe the insurance policy in favor of coverage and against the insurer, adopting the interpretation supporting coverage.

31. A fair interpretation of the aforementioned virus exclusion and the Plaintiffs' reasonable expectation of coverage when purchasing the Policy, is that losses, including business income interruption, as a result of a virus or bacteria "that induces or is capable of inducing physical stress, illness or disease" would be excluded from coverage if a virus or bacteria infected, contaminated or was present at or on the insured premises.

32. At all relevant times, there has been no infection, contamination or otherwise a known presence of any virus or bacteria on the Plaintiffs' covered property, or other neighboring or adjacent property, that was a cause, whether in whole or in part, of Plaintiffs' business income interruption losses sought to be covered under the Policy.

33. Therefore, the Virus or Bacteria Exclusion set forth in the Policy and relied upon Defendant in denying the subject claim is inapplicable to Plaintiffs' interruption and loss of business income suffered under these circumstances.

34. Plaintiffs did not in any way participate in the drafting or negotiating of the language, terms or phrases contained in the Policy.

35. Any purported exclusion of business income interruption coverage under the Policy suffered by Plaintiffs as a result of Governor Murphy's Executive Orders No. 103 and 107 is contrary to the public policy of the State of New Jersey, thereby rendering such policy exclusion void *ab initio*.

36. Specifically, the New Jersey Legislature proposes that every policy of insurance insuring against loss or damage to property, which includes the loss of use and

occupancy and business interruption in force in the State of New Jersey, shall be construed to include among the covered perils under that policy, coverage for business interruption due to global virus transmission or pandemic, as provided in the Public Health Emergency and State of Emergency declared by the Governor in Executive Order No. 103 concerning the CoVID-19 pandemic.

37. Furthermore, Plaintiffs had and continue to have a reasonable expectation of coverage inasmuch as the Policy does not refer to any exclusion for a public health emergency, crisis or pandemic limiting the typical broad general business interruption coverage afforded under the Civil Authority coverage provisions of the Policy when an insured sustained losses and damages as result of access being prohibited by a governmental authority to the insured premises, other than when such damages or loss is as a result of a virus or bacteria contamination being physically present on the insured or adjacent premises.

38. Therefore, the business income interruption suffered by Plaintiffs, whether in whole or in part, as a result of Governor Murphy's Executive Orders No. 103 and 107 is a "covered cause of loss" falling within the purview of the Policy and occurring during its coverage period.

39. A controversy exists between the parties concerning their respective rights under the Policy and this action is brought pursuant to the Declaratory Judgments Act, N.J.S.A. 2A:16-51 et seq., which authorizes courts to declare rights, status and other legal relations so as to afford litigants relief from uncertainty and insecurity.

40. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and duties that exist between the parties under the Policy.

**WHEREFORE**, Plaintiffs respectfully requests that the Court enter judgment as follows:

1. Declaring that the business income interruption loss suffered by Plaintiffs as a result of, whether in whole or in part, Governor Murphy's Executive Orders No. 103 and 107 is covered under the Civil Authority coverage provided for in the Policy;
2. Declaring that the Virus or Bacteria Exclusion contained in the Policy as being against the public policy of State of New Jersey and not otherwise applicable to any of the business income interruption loss suffered by Plaintiffs as a result of the CoVID-19 pandemic;
3. Awarding Plaintiffs all costs and reasonable attorney's fees incurred in bringing the subject action, in accordance with R. 4:42-9(a)(6);
4. Awarding such other equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Gary Ahladianakis, Esq. is hereby designated as trial counsel on behalf of Plaintiffs.

## CERTIFICATION PURSUANT TO RULE 4:5-1(b)(2)

Pursuant to R. 4:5-1, the undersigned hereby certifies that the above action is not the subject of any other pending lawsuit or arbitration proceeding. There are no other persons interested in the above action who have not been made a party to said action.

## CERTIFICATION PURSUANT TO RULE 4:5-1(b)(3)

Pursuant to R. 1:38-7(c), I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

                                                 CARLUCCIO, LEONE, DIMON,
                                                 DOYLE & SACKS LLC
                                                 *Attorneys for Plaintiffs*

By: _____
                                                 **GARY AHLADIANAKIS, ESQ.**

Dated: May 26, 2020

# Civil Case Information Statement

## Case Details: OCEAN | Civil Part Docket# L-001237-20

**Case Caption:** CAUSEWAY AUTOMOTIVE, LLC VS ZURICH AMERICAN INS
**Case Initiation Date:** 05/26/2020
**Attorney Name:** GARY AHLADIANAKIS
**Firm Name:** CARLUCCIO LEONE DIMON DOYLE & SACKS, LLC
**Address:** 9 ROBBINS ST
TOMS RIVER NJ 08753
**Phone:** 7327971600
**Name of Party:** PLAINTIFF : CAUSEWAY AUTOMOTIVE, LLC
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES

**Are sexual abuse claims alleged by: CAUSEWAY AUTOMOTIVE, LLC?** NO

**Are sexual abuse claims alleged by: CONTI CAUSEWAY FORD, INC.?** NO

**Are sexual abuse claims alleged by: CAUSEWAY NISSAN, LLC?** NO

**Are sexual abuse claims alleged by: CAUSEWAY HYUNDAI, LLC?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category:** Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/26/2020
Dated

/s/ GARY AHLADIANAKIS
Signed